108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carlos H. VITELA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 97-3047.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1997.
 
 71 M.S.P.R. 569.
 AFFIRMED.
 Before RICH, Circuit Judge, SMITH, Senior Circuit Judge and NEWMAN, Circuit Judge.
 PER CURIAM.
 
 Decision
 
 1
 Carlos H. Vitela appeals the October 4, 1996 final decision of the Merit Systems Protection Board, Docket No. DA0752960261l-1, dismissing his appeal as untimely. Because the Board did not err in dismissing Mr. Vitela's appeal, we affirm.
 
 Discussion
 
 2
 Mr. Vitela worked as a Fabric Worker-Parachute Rigger in the Aircraft Division of the Air Force ("agency") at Kelly AFB in Texas. To avoid action on a Proposed Removal by the agency, Mr. Vitela negotiated a settlement agreement in which he agreed to resign his position. Mr. Vitela resigned from the agency on August 11, 1995, characterizing his action as a "voluntary resignation for personal reasons."
 
 
 3
 Mr. Vitela, through his union representative, filed an appeal with the Merit Systems Protection Board ("MSPB" or "Board") by fax on February 5, 1996. The appeal was signed by Mr. Vitela and dated December 14, 1995. The Board issued an Acknowledgment Order on February 6, 1996, ordering Mr. Vitela to file evidence and argument showing: (1) that his resignation was involuntary and, as such, the Board had jurisdiction over the appeal, and (2) that his appeal was timely filed or that good cause existed for the delay.
 
 
 4
 In his response, Mr. Vitela alleges that his resignation was involuntary due to misinformation given and misrepresentations made to him by the agency at the time of his resignation. Specifically, he alleges that the agency advised him that he would receive the entire amount of contributions made to his Civil Service Retirement Systems ("CSRS") account, or $14,534, upon his resignation when, in fact, Mr. Vitela was entitled to receive only $1,830.
 
 
 5
 Mr. Vitela also maintains that his appeal was timely filed. He alleges that he was notified that he would not receive the full amount of his CSRS account on October 19, 1995, and that after "attempts to correct the issue" with the Office of Personnel Management ("OPM"), it became clear "on or about December 10, 1996" that he would not receive the entire amount. Therefore, he avers, his appeal filed on December 14, 1996, was timely.
 
 
 6
 The Administrative Judge ("AJ") found that the appeal was untimely and dismissed the appeal.[1] The Board's decision became final on October 4, 1996.
 
 
 7
 An appeal to the Board must be filed within thirty days of the action being appealed. See 5 C.F.R. § 1201.22(b). Mr. Vitela resigned on August 11, 1995, and his appeal was filed on February 5, 1996. The appeal was, therefore, untimely.
 
 
 8
 The Board may waive the thirty-day filing requirement if the petitioner can show good cause for the untimely filing. See Alonzo v. Department of the Air Force, 4 MSPR 180, 182 (1980). Mr. Vitela alleges that he was notified that he would not receive the full amount of his CSRS contributions on October 14, 1995, and that he thereafter made attempts to deal with OPM until December 10, 1995. Mr. Vitela submitted no evidence of such dealings with OPM, and, as such, has not carried his burden of showing good cause for his untimely filing.
 
 
 9
 Even assuming, arguendo, that Mr. Vitela did attempt to deal with OPM and it became clear to him on December 10 that he would not receive his entire contribution, he does not present any evidence to show good cause as to why his appeal was not filed soon thereafter. Mr. Vitela purportedly signed the appeal on December 14, 1995, but he presented no argument in his response that good cause existed for filing as late as February 5.[2]
 
 
 10
 We may reverse a decision of the Board only if we find it to be arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986). We do not find that the Board's dismissal of Mr. Vitela's appeal for untimeliness was reversible error.
 
 
 11
 Accordingly, the Board's decision is affirmed.
 
 
 
 [1]
 The AJ did not address the issue of the Board's jurisdiction, instead deciding the timeliness issue and dismissing the appeal. Although jurisdiction is a threshold issue, an AJ may avoid jurisdictional analysis when possible by disposing of cases through timeliness determinations if: "(a) the Board arguably may have jurisdiction over the appeal, and (b) the record developed on the timeliness issue shows no good cause for the untimely filing, or (c) other grounds exist for the dismissal of the appeal." Popham v. United States, 50 MSPR 193, 197 (1991)
 
 
 [2]
 On the cover sheet of Mr. Vitela's faxed appeal dated February 5, Mr. Vitela's representative indicated that an initial appeal, ostensibly filed in December, was returned for insufficient postage. Mr. Vitela did not allege this, however, in his response to the Board's Acknowledgment Order